UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LOGAN R. THOMPSON, ) <br> EMILY KASTING, ) <br>   ) <br>   Plaintiffs, ) <br>   ) <br>   v. ) <br>   ) <br> INDIANA DEPARTMENT OF CHILD ) <br> SERVICES, ) <br> LAWRENCE POLICE DEPARTMENT, ) <br> MCCORDSVILLE POLICE DEPARTMENT, ) <br>   ) <br>   Defendants. ) | Case No. 1:25-cv-00123-TWP-CSW |

### ORDER ON PENDING MOTIONS

This matter is before the Court on three separate Motions to Dismiss filed by Defendants Lawrence Police Department ("LPD") (Dkt. 18), the Indiana Department of Child Services ("DCS") (Dkt. 22), and the McCordsville Police Department ("MPD") (Dkt. 24). [1] Also before the Court are *pro se* Plaintiffs Logan Thompson and Emily Kasting's (collectively, "Plaintiffs") Motion for Relief from Judgment (Dkt. 41) and Motion for Court Assistance (Dkt. 43). Plaintiffs' Amended Complaint, alleges, among other things, that each of the defendants caused the wrongful removal of their children from their home in violation of their Fourth and Fourteenth Amendment rights (*See* Dkt. 1-2). For the reasons explained below, each of the defendants' Motions to Dismiss are **granted** and Plaintiffs' Motions for relief and court assistance are **denied.**

---

[1] Defendant Lawrence Police Department argues persuasively that they are improperly named as a party, and instead, the claim against them must be brought against the city of Lawrence, Indiana. (Dkt. 18-1). The Court agrees and in this Order LPD will be referred "the City."

## I.     BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Amended Complaint and draws all inferences in favor of Plaintiffs as the non-moving party. *See Bielanski v. Cnty. Of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

This action was removed to this Court on January 20, 2025 (*See* Dkt. 1). Prior to the removal, Plaintiffs filed an Amended Complaint in the Marion Superior Court alleging various claims against the Defendants and Ruth Niezgodski ("Ms. Niezgodski"), a DCS case worker.[2] (*See* Dkt. 1-2). Plaintiffs allege that Ms. Niezgodski made "false statements under penalty of perjury" by swearing under oath that probable cause existed to remove their children from their home. *Id*. at 1. Ms. Niezgodski had no first-hand knowledge of domestic violence or substance abuse to support her statements. *Id*. at 2. The affidavit establishing probable cause lacked any credible evidence that their children were in imminent danger and this lack of probable cause makes the warrant invalid. *Id*.

Plaintiffs allege that Ms. Niezgodski swore to facts that she could not have known and therefore, DCS fabricated evidence to obtain a warrant for the removal of their children. *Id*. DCS engaged in coercion and threats by "[t]hreatening to involve the police to gain entry into [their] home, knowing there was not a court order[.]" *Id*. at 3. Ms. Niezgodski "abused her authority as a DCS worker" by "issuing and acting on a warrant (removal) with false or incomplete information[.]" *Id*. at 4. Plaintiffs allege that "[t]he (original) warrant fails to meet legal requirements for validity because it lacks a court seal, the signature of the court clerk, and jurisdictional information for the judge." *Id*. at 5. DCS also relied on hearsay to meet the threshold

---

[2] Though Plaintiffs appear to direct their claims towards Ms. Niezgodski, she is not named as a Defendant in this action.

for probable cause. *Id*. Because Ms. Niezgodski no longer works for DCS and her report was not supposed to be used as evidence, "the use of her report to substantiate a CHINS case is a clear and obvious violation of judiciary and state law." *Id*. at 6.

The allegations against the police departments are contained in the final paragraph where Plaintiffs allege that LPD and MPD "had 5-6 police vehicles including one K9 vehicle outside of [their] home on the call to assist DCS in the removal of [their] children." *Id*. at 6. The "[o]fficer's [sic] testimony during the fact-finding trial revealed all officers were aware of the absence of a court order for the removal and still proceeded to threaten and intimidate [them] with [their] children in [their] arms rather than simply advis[ing] DCS to return with a valid court order to remove the children." *Id*.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir.

2009) ("[I]t is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

*Pro se* complaints such as that filed by Plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). However, it is also well established that pro se litigants are not excused from compliance with procedural rules and in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law *Feresu v. Trs. of Ind. Univ.*, 2017 U.S. Dist. LEXIS 66452, at *18–19 (S.D. Ind. May 2, 2017) (citations and punctuation marks omitted).

### III. DISCUSSION

**A.   Motions to Dismiss**

Each of the Defendants filed a separate Motion to Dismiss and the Plaintiffs responded to each Motion separately. The Court will discuss the merits of each Motion in turn.

**1.   The Lawrence Police Department's Motion to Dismiss (Dkt. 18)**

As an initial matter, Defendant, City of Lawrence ("the City") points out that it is improperly named as "Lawrence Police Department." (Dkt. 18). The City is correct that under Indiana law, "a city's police department 'is merely a vehicle through which the city government

4

fulfills its policy functions,' it is not a proper defendant in a civil rights suit under § 1983." *Mason v. City of Indianapolis*, No. 1:06-cv-258-RLY-TAB, 2007 U.S. Dist. 67349, at *21-22 (S.D. Ind. 2007) (quoting *Jones v. Bowman*, 694 F. Supp. 538, 544 (N.D. Ind. 1988)); *See also Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued."). Thus, the allegations against LPD will be analyzed appropriately as claims against the City.

Plaintiffs allege that the City's Police Department "had 5-6 police vehicles including one K9 vehicle outside of our home on the call to assist DCS in the removal of our children" and that the "[o]fficer's testimony during the fact-finding trial revealed all officers were aware of the absence of a court order for the removal and still proceeded to threaten and intimidate us with our children in our arms rather than simply advise DCS to return with a valid court order to remove the children." (Dkt. 1-2 at 6). The City argues that Plaintiffs fail to state a claim against it for three reasons: (1) DCS is the entity alleged to have chosen to effectuate a removal of the children, not the City, (2) Plaintiffs cannot assert a seizure claim on behalf of their children because they are proceeding *pro se*, and (3) Plaintiffs have not, and cannot, allege any sort of unconstitutional policy or practice by the City (Dkt. 19 at 4-5).

The City contends that it is not an appropriate defendant because DCS is the entity alleged to have chosen to effectuate a removal of the children, not the LPD officers. *Id*. at 4 (citing *Hambly v. Cole*, No. 23-cv-1222-bhl, 2025 U.S. Dist. LEXIS 11885, *19 (E.D. Wis. Jan. 23, 2025)). Plaintiffs contend that officers from the City's police department are liable because officers assisted DCS in the removal of their children and that "officers knew that no emergency or exigent circumstances existed yet still participated in the removal." (Dkt. 32 at 2). Plaintiffs cite *Wallis ex*

5

*rel. Wallis v. Spencer*, 202 F.3d 1126 (9th Cir. 1999) arguing that law enforcement officers may not seize children from their home without exigent circumstances or a court order.

Plaintiffs are mistaken. The Seventh Circuit in *Brokaw v. Mercer County*, stated that for a Section 1983 claim to proceed, "a plaintiff must allege that the defendant[] deprived him of a right secured by the Constitution." 235 F.3d 1000, 1009 (7th Cir. 2000). "In other words, the defendant must cause the Constitutional violation the plaintiff alleges." *Hambly*, 2025 U.S. Dist. LEXIS 11885, at *19. While the Plaintiffs allege that "officers knew that no emergency or exigent circumstances existed[,]" such allegations do not rise beyond mere speculation. The Court generally takes facts alleged in the complaint as true for the purposes of a motion to dismiss. However, as stated above, mere conclusions without factual support are not enough.

Next, the City argues persuasively that Plaintiffs may not assert a seizure claim on behalf of their children because they are proceeding *pro se* (Dkt. 19 at 4-5 (citing *Dircks v. Ind. Dep't of Child Servs.*, No. 1:21-cv-451-JMS-MG, 2022 U.S. LEXIS 43973, at *69 (S.D. Ind. March 11, 2022)). In *Elustra v. Mineo*, the Seventh Circuit stated that "a next friend may not, without the assistance of counsel, bring suit on behalf of a minor party." 595 F.3d 695, 705 (7th Cir. 2010) (citing cases). While some exceptions to this rule exist, "no comparable exception has ever been recognized for a lawsuit based on § 1983 or general state tort law." *Id*.

Plaintiffs argue that they have a right to assert claims of unconstitutional searches and seizures involving their children and that they are "not merely bringing claims on behalf of their children; they are asserting that their own rights were violated" by the removal of their children (Dkt. 32 at 2). Plaintiffs are correct that a parent may assert claims of unconstitutional searches and seizures involving their children. However, the binding precedent in *Elustra*, requires such claims to be brought with the assistance of counsel. 595 F.3d at 705. Further, Plaintiffs misstate

their claims. An unreasonable seizure claim under the Fourth Amendment related to the seizure of a child belongs to the child, not to the parents. *Dircks*, 2022 U.S. Dist. LEXIS 43973, at *69. Plaintiffs do not argue that they themselves were seized, but rather that their minor children were. Accordingly, Plaintiffs may not assert such a claim without the assistance of counsel.

Finally, the City argues that for Plaintiffs to assert a viable claim against the City, they must point to an unlawful policy or practice which was the moving force behind their alleged injury. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690 (1978). The City contends the Plaintiffs have not and cannot allege any sort of unconstitutional policy or practice by the City, rendering any claims against the City insufficient under *Monell*. The Court agrees.

The U.S. Supreme Court held in *Monell*, that "a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id*. This is what Plaintiffs attempt to do here. Plaintiffs allege the officers knowingly assisted in an unlawful removal of their minor children and because of this, the City failed to train officers which "is itself a policy of deliberate indifference." (Dkt. 32 at 3). However, even accepting Plaintiffs allegations as true, *Monell* claims "normally require evidence that the identified practice of custom caused multiple injuries." *Chatham v. Davis*, 839 F.3d 679, 685 (7th Cir. 2015) (citing cases). This is not the case here. Plaintiffs essentially argue that officers violated their rights by the removal of their kids on the date in question and because of this single instance, the City is liable. Such claims are the exact type which *Monell* bars. For all these reasons, the City's Motion to Dismiss is **granted**. Accordingly, the Plaintiffs' claims against the LPD are **dismissed**.

### 2. McCordsville Police Department's Motion to Dismiss (Dkt. 24)

As with the LPD, the MPD is not a suable entity under § 1983. *Sow*, 636 F.3d at 300. MPD argues the claim against it should be dismissed because Plaintiffs failed to sufficiently plead a *Monell*-styled action necessary to hold the Town of McCordsville liable under 42 U.S.C 1983.

Plaintiffs lump both the LPD and MPD together in their Amended Complaint to assert their claims and proffer the same arguments in response to MPD's Motion to Dismiss as they do for LPD's. Accordingly, Plaintiffs' claims against the MPD fail for the same reasons as they fail against the LPD. MPD's Motion to Dismiss is **granted** and Plaintiffs' claims against them are **dismissed**.

### 3. Department of Child Services' Motion to Dismiss (Dkt. 22)

DCS argues that Plaintiffs allegations against it fail to state a claim upon which relief can be granted for three reasons: (1) DCS is not a "person" for the purposes of 42 U.S.C. § 1983 and thus, all constitutional claims against DCS are barred, (2) Plaintiffs allege state criminal claims against defendants, which cannot be brought as civil claims, and (3) any state tort claims are barred by the Indiana Tort Claims Act for failing to properly file a Notice of Tort Claim with either DCS or the Office of the Indiana Attorney General (Dkt. 23 at 4).

DCS asserts that as a state agency, and it is not a "person" within the meaning of § 1983, thus all claims against it are barred and must be dismissed. *Id*. (citing *Will v. Mich Dep't of State Police*, 491 U.S. 58, 71 (1989)). DCS points out that claims against state agencies, including DCS, are ultimately claims against the state directly. *Id*. (citing *Moore v. Indiana*, 999 F.2d 1125, 1128-29 (7th Cir. 1993)).

Plaintiffs concede that "DCS itself may not be a proper defendant under § 1983" and argue that they "should be granted leave to amend the complaint to name the responsible officials in their

8

individual capacities." (Dkt. 29 at 2). Plaintiffs also contend that "it remains essential for [DCS] to be held accountable as well." *Id*. at 3.

As the cases cited by DCS indicate, a state agency is not a suable entity under § 1983 because a state is not a "person" within the meaning of the statute. *See Will*, 491 U.S. at 71; *see also Moore*, 999 F.2d at 1128-29. The Court accepts he Plaintiffs' concession that their claims against DCS may not proceed under § 1983. Accordingly, Plaintiffs' claims against DCS fail. Because dismissal is warranted on DCS's first argument, the Court need not proceed further in its analysis. DCS's Motion to Dismiss is **granted** and all claims against DCS are **dismissed without prejudice** and Plaintiffs' request for leave to amend is **granted**.

**B.**    **Plaintiffs Motions For Relief From Judgment and Court Assistance**

**1.**    **Motion for Relief from Judgment (Dkt. 41)**

In their Motion for Relief from Judgment, Plaintiff's ask the Court to provide them relief from judgment in their Children in Need of Services ("CHINS") state proceeding where they lost custody of their children. Specifically, Plaintiffs request that the Court vacate the CHINS adjudication, suppress the report relied upon in the CHINS proceeding, and set a new evidentiary hearing because their case manager, who authored the report used in the CHINS proceeding, was later arrested for a DUI. *Id*. at 1-2.

Plaintiffs seek relief pursuant to Ind. T.R. 60(B). However, this action is in federal court and therefore, the Federal Rules of Civil Procedure apply rather than the Indiana Rules. *See Hanna v. Plumer*, 380 U.S. 460 (1965). Accordingly, the Court applies Fed. R. Civ. P. 60(b) ("Rule 60(b)"). *See Knazze v. Bridges*, No. 1:07-cv-1038-LJM-WTL, 2007 U.S. Dist. LEXIS 86509 (S.D. Ind. Nov. 21, 2007) (applying F.R.C.P. 60(b) when plaintiff's motion cited Ind. T.R. 60(b)).

Rule 60(b) states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Here, the Court need not reach the merits of the Plaintiffs' claims because there is no judgment in this case with which the Court may grant relief. Indeed, Plaintiffs are requesting that this Court overturn and vacate a state court CHINS proceeding. Such relief cannot be granted by this Court. *See Ashley W. v. Holcomb*, 34 F.4th 588, 593 (7th Cir. 2022) ("[d]isputes that can be resolved in a [CHINS] case must be resolved there.").

It is also apparent that the state CHINS proceeding is ongoing (*See* Dkt. 43 at 2) (Plaintiffs mention that a permanency hearing was held on June 17, 2025). Accordingly, the Court must determine whether *Younger* abstention applies. The *Younger* doctrine "directs federal courts to abstain from exercising jurisdiction over federal claims that seek to interfere with pending state court proceedings." *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021) (citing *Younger v. Harris*, 401 U.S. 37, 43-44 (1971)). The *Younger* doctrine applies when: (1) there is an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise constitutional challenges in the state court proceedings. *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). *Younger* does not apply, however, where: (1) the state proceeding is motivated by a desire to harass or is conducted in bad

faith; or (2) the case involves extraordinary circumstances that the plaintiffs will suffer "great, immediate, and irreparable" injury. *Moore v. Sims*, 442 U.S. 415, 433, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979). To determine whether *Younger* abstention is appropriate, courts consider whether resolution of the federal court case "will unduly interfere with the ongoing state proceedings." *Am. Fed'n of State, Cnty. & Mun. Emps. v. Tristano*, 898 F.2d 1302, 1305 (7th Cir. 1990).

The *Younger* doctrine originally applied only to criminal proceedings, but the Supreme Court has extended it to all civil proceedings "in which the state's interests are so important that exercise of federal judicial power over those proceedings would disregard the comity between the states and federal government." *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018), *cert. denied*, 140 S. Ct. 384, 205 L. Ed. 2d 213 (Mem.) (2019). CHINS proceedings are the type of state proceeding that falls within the Younger doctrine, and granting the Plaintiffs' requested relief would undoubtedly interfere with the ongoing CHINS proceeding. *Ashley W.*, 34 F.4th at 591 (applying *Younger* to CHINS proceedings; "We know from [Supreme Court precedent] that *Younger* applies to state-initiated child-welfare litigation."). The Plaintiffs have also had an adequate opportunity to raise their constitutional claims and concerns in the CHINS proceeding. The *Younger* abstention doctrine therefore applies, and there is no indication that either exception to the *Younger* doctrine applies.

Even if no specific abstention doctrine were a "perfect fit," however, this Court must abstain from exercising federal jurisdiction based on the "general principals of federalism that underlie all of the abstention doctrines." *Courthouse News Serv. V. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018); *see J.B.*, 997 F.3d at 723 ("[G]ranting declaratory or injunctive relief would provide [the plaintiff] with an offensive tool to take to state court to challenge that judge's orders. In these circumstances, federal courts need to stay on the sidelines."). "The adjudication of [the Plaintiffs'

11

claims] threaten interference with and disruption of local family law proceedings—a robust area of law traditionally reserved for state and local government—to such a degree as to all but compel the federal judiciary to stand down." *J.B.*, 997 F.3d at 723. Having concluded that abstention is appropriate, the Court **denies** the Plaintiffs' Motion for Relief from Judgment.

  **2. Motion for Court Assistance (Dkt. 43)**

In their Motion for Court Assistance, Plaintiff's request that the Court "(a) [e]xpedite consideration of the pending complaint and deny Defendants' motions to dismiss; (b) [s]chedule a status hearing or issue an order for a responsive briefing timeline; and (c) [g]rant any such relief as the Court deems just and proper to protect the constitutional rights at issue." (Dkt. 43 at 2). Having concluded that each defendants' motion to dismiss is granted, the Court **denies as moot** the request for assistance. All pending motions are ruled upon in this Order, and there is no need for a hearing or order for a briefing timeline.

## IV. CONCLUSION

For the reasons stated above, LPD's Motion to Dismiss (Dkt. 18), DCS's Motion to Dismiss (Dkt. 22), and MPD's Motion to Dismiss (Dkt. 24) are each **GRANTED**. Plaintiffs' Motion for Relief from Judgment (Dkt. 41) and Motion for Court Assistance (Dkt. 43) are **DENIED**.

Leave to file a second amended complaint is **granted**, if it is not futile, and must be filed **within 14 days of the date of this order**. [3] In their response, Plaintiffs note that they have filed a separate lawsuit against various individuals they claim harmed them directly. (Dkt. 29 at 2-3). The

---

[3] In the interest of justice, the Court grants Plaintiffs leave to file a Second Amended Complaint, if after reviewing this Court's Order, they believe that they can state a viable claim for relief, consistent with the allegations they have already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

12

Plaintiffs need not file a Second Amended Complaint in this case if they wish to proceed only with that lawsuit. The dismissal of this lawsuit will have no effect on their second lawsuit.

If a second amended complaint is not filed within **14 days of the date of this order**, final judgment will issue, and this action will be closed. However, if a Second Amended Complaint is filed, it will be screened before the Defendants are required to respond. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED**.

Date: 8/11/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

LOGAN R. THOMPSON
135 Hiawatha Drive
Noblesville, IN 46062

EMILY KASTING
135 Hiawatha Drive
Noblesville, IN 46062

Abigail Davis
Office of Indiana Attorney General
abigail.davis@atg.in.gov

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com

Laura Parks
lparks@chwlaw.com

Steven Reidell
Office of Indiana Attorney General
steven.reidell@atg.in.gov

Wandini Riggins
Bose McKinney & Evans LLP
wriggins@boselaw.com

Dakota Christopher Slaughter
Bose McKinney & Evans LLP
dslaughter@boselaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pzimmerly@boselaw.com